UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARMONIQUE HOPKINS,

    Plaintiff,

                                            Case No. 2:14-cv-13951-BAF-RSW
v.                                      Hon. Bernard A. Friedman
                                            Magistrate Judge R. Steven Whalen

DEBORAH WILSON, in her official capacity
as Executive Director of the FERNDALE HOUSING
COMMISSION, and the FERNDALE HOUSING
COMMISSION,

    Defendants.

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR EXPEDITED CONSIDERATION**

**INTRODUCTION**

       This is a motion for preliminary injunction to reinstate a Housing Choice Voucher issued by Defendants to provide rental assistance on behalf of Plaintiff to Plaintiff's landlord. Defendant wrongly terminated Plaintiff's voucher, alleging that Plaintiff's neighborhood no longer passed neighborhood standards for Housing Quality Standards inspection simply because of a boarded up house in the neighborhood. (Ex. 1, Notice of Inspection and of Failed Inspection).

       Plaintiff requested an opportunity to meet with Defendant Ferndale Housing Commission to review this decision and provided information that the home had boards on the window placed by the real estate company which was offering the home for sale. (Ex. 2, Letter Requesting Meeting and Reasonable Accommodation) (Ex. 3, Letter from

1

Real Estate Company). Plaintiff also requested reasonable accommodation to stay in the home, based on her disability and her adult son's disability. (Ex. 2, Letter Requesting Meeting and Reasonable Accommodation). Defendant denied the request for meeting or review and allowed Plaintiff only a few weeks to find alternative housing for herself and her family.

Plaintiff attempted to find alternative housing but could not find alternative housing within the short time frame. Plaintiff requested reasonable accommodation under the Fair Housing Act to be allowed to remain in her current home or to have additional time to find alternative housing, but Defendant denied this request and refused to meet with Plaintiff or review her request for reasonable accommodation. Defendant stopped paying Plaintiff's voucher at May 31, 2014, and Plaintiff's landlord now has begun eviction proceedings against Plaintiff and her family for nonpayment of rent. (Ex. 4, Affidavit of Charmonique Hopkins).

Plaintiff requests that the Court issue Preliminary Injunction ordering Defendant to reinstate Plaintiff's voucher, including back rent which Defendant failed to pay, while this matter is pending. This Preliminary Injunction is necessary so that Plaintiff and her family are not evicted and rendered homeless before this court has an opportunity to adjudicate this case.

## BACKGROUND FACTS

Plaintiff and her family have lived in the home at 7405 DeSoto in Detroit since the home was built in 2006, and Defendant Ferndale Housing Commission had approved voucher payments for the home beginning in 2007 and continuing until Defendant said

the neighborhood failed inspection in May, 2014. (Ex. 4, Affidavit of Charmonique Hopkins).

Plaintiff's home is part of a development of new homes on Detroit's west side, near Livernois and Fenkell, called Northwest Unity Homes II.  The development includes about 90 new construction homes, including the home where Plaintiff resides, and rents are kept low because of support from the City of Detroit, the Michigan State Housing Development Authority and other partners in the development. (Ex. 1, Notice of Failed Inspection and Ex. 4, Affidavit of Charmonique Hopkins).

Plaintiff's home is well maintained, the landlord/management company make repairs as needed, and the rent is reasonable at $580 per month.  (Ex. 4, Affidavit of Charmonique Hopkins) and (Ex. 5, Photo of Plaintiff's Home).  Plaintiff's portion of the rent has been $72 with the balance paid by the Ferndale Housing Commission to Plaintiff's landlord through Housing Choice Voucher.  Plaintiff and her family get along well with her neighbors, and many of her neighbors have vouchers through the Detroit Housing Commission, the Livonia Housing Commission, Taylor Housing Commission and other.  None of these PHA's have stopped rental payments or claimed the neighborhood failed Housing Quality Standards inspection. (Ex. 4, Affidavit of Charmonique Hopkins).

Plaintiff made repeated requests for Defendant Ferndale Housing Commission to review or rescind its decision that Plaintiff's home failed Housing Quality Standards inspection because of a vacant home or building in the neighborhood.  (Ex. 2, Plaintiff Letters, Requests for Review).  Defendant denied all requests and refused to meet with Plaintiff to discuss the decision. (Ex. 6, Ferndale Housing Notice Denying Review).

Plaintiff also requested reasonable accommodation under the Fair Housing Act to be able to remain in the home or to have additional time to find alternative housing. Plaintiff is a disabled person and her adult son who is a member of the household also is a disabled person. (Ex. 2, Letter Requesting Review and Reasonable Accommodation and Ex. 7, Plaintiff Request for Reasonable Accommodation and dated September 10, 2014 ). Defendant denied this request. (Ex. 8, Ferndale Housing Letter Denying Request for Reasonable Accommodation).

Plaintiff also requested a hearing on Defendant's decision that Plaintiff had violated Family Responsibilities by requesting that Plaintiff's other adult son be added as a member of the household. Defendant advised Plaintiff that she had ten days to request a hearing, (Ex. 9, Defendant Notice to Plaintiff). Plaintiff did request a hearing within ten days, but Defendant failed and refused to provide Plaintiff with a hearing on Defendant's decision. (Ex. 10, Plaintiff Request for Hearing).

Plaintiff also requested additional time to find alternative housing because of medical issues and difficulty in finding any reasonable, alternative housing, but Defendant denied this request and stopped all rental assistance payments to Plaintiff's landlord after May 31, 2014. (Ex. 4, Affidavit of Charmonique Hopkins) and (Ex. 7, Request for Reasonable Accommodation) and (Ex. 8, Letter Denying Reasonable Accommodation).

Plaintiff, Charmonique Hopkins, filed Complaint in this matter on or about October 27, 2014 and requested that the Court issue Temporary Restraining Order as well as preliminary and permanent injunctions requiring Defendants to reinstate Plaintiff

4

Charmonique Hopkins' Section 8 Voucher and to continue making housing assistance payments on behalf of Plaintiff.

Plaintiff has requested assistance from the Detroit Office of the U.S. Department of Housing and Urban Development (HUD). The Detroit HUD office carried out an independent inspection of Plaintiff's home and neighborhood and in conference with HUD in Washington, D.C. issued notice to Defendant/s that Plaintiff's home did pass Housing Quality Standards (HQS) inspection and that Defendant/s should reinstate Plaintiff's voucher. (Ex. 11, HUD email).  To date, Defendant still has not reinstated Plaintiff's voucher.

On or about Tuesday, November 3, 2014, Defendant Deborah Wilson, Executive Director of the Ferndale Housing Commission was arrested and charged with breaking and entering into tenants' apartments at Ferndale Housing in Ferndale and stealing prescription drugs from tenants' apartments. (Ex. 12, Wilson Arrested).  It is unclear if Deborah Wilson will continue as Executive Director while these criminal charges are pending or who will be in charge of Ferndale Housing Commission.  In the meantime, Plaintiff, Charmonique Hopkins, and her family could be evicted from their home of seven years because of the actions of Ferndale Housing Commission and Executive Director, Deborah Wilson.

Plaintiff's Landlord is commencing eviction proceedings in this matter to evict Plaintiff and her family, including her children, from their home at 7405 Desoto in the City of Detroit, Michigan for nonpayment of rent. (Ex. 4, Affidavit of Charmonique Hopkins).  Plaintiff and her children face eviction and homelessness unless Plaintiff's Housing Choice Voucher is reinstated.

## LEGAL ARGUMENT

### I.   This Court Should Grant A Preliminary Injunction To Preserve The Status Quo While Merits Of This Case Are Litigated.

The purpose of injunctive relief is to preserve the status quo between the parties as it existed prior to the controversy at bar, pending the outcome of litigation.  *City of Detroit v. Salaried Physicians Prof'l Ass'n, UAW*, 165 Mich. App. 142, 151, 418 N.W.2d 679 (1987).

In determining whether a temporary restraining order or preliminary injunction should issue, Michigan courts consider four factors: 1) the likelihood that the parties seeking the injunction will prevail on the merits of the case; 2) the danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued; 3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the injunction; and 4) the harm to the public interest if the injunction is issued.  *Campau v. McMath*, 185 Mich. App. 724, 728-729, 463 N.W.2d 186 (1990)(citing *Michigan State Employees Ass'n v. Dep't of Mental Health*, 421 Mich. 152, 157-158, 365 N.W.2d 93 (1984).

A. **Plaintiff Is Likely To Prevail On the Merits.**

   *1.   Defendants failed to provide for a hearing before it terminated Ms. Hopkins' voucher violating her right to due process.*

Count I of Plaintiff's Complaint alleges violation of the procedural due process clause of the 14th Amendment to the U.S. Constitution.  Plaintiff's participation in and receipt of the Housing Choice Voucher assistance is a property interest protected by the due process clause. *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970). The Ferndale Housing Commission's acts are clearly state action as a public

6

housing agency. See *Burr v. New Rochelle Mun. Hous. Auth.*, 479 F.2d 1165 (2d Cir. 1973). The 14th Amendment requires that pre-termination hearing be held before an impartial hearing officer if requested by the housing choice voucher recipient prior to termination of the subsidy. *Stevenson v. Willis*, 579 F. Supp. 2d 913 (N.D. Ohio 2008).

Plaintiff requested hearing or meeting based on Defendants' decision that Plaintiff's home failed Housing Quality Inspection. Plaintiff requested a hearing and was due a hearing on Plaintiff's request for reasonable accommodation under the Fair Housing Act. Plaintiff timely requested a hearing when Ferndale Housing Commission notified Plaintiff that she was in violation of family responsibilities. Defendant Ferndale Housing Commission (FHC) denied all of Plaintiff requests for hearings and proceeded to stop payment on Plaintiff's voucher and to terminate Plaintiff's voucher without allowing Plaintiff a due process hearing in violation of the due process clause of the 14th Amendment. See *Hill v. Ypsilanti Hous. Comm'n.*, 09-13562, 2010 WL 3168440 (E.D. Mich. Aug. 10, 2010)

Defendants violated Plaintiff's due process rights when they failed to provide a hearing before an impartial hearing officer, failed to provide Plaintiff an opportunity to examine Housing Commission documents, and arbitrarily and capriciously denied approval for her rental unit in violation of HUD policies. As a result of Defendant's actions, Plaintiff and her family are facing eviction from their home for nonpayment of rent and will be evicted unless Defendant is ordered to reinstate Plaintiff's voucher, immediately. *Miles v. Phenix City Hous. Auth.*, 3:11-CV-216-WKW, 2011 WL 2580390 (M.D. Ala. June 29, 2011).

Defendants failure to provide for a hearing also violated requirements to operate this federally subsidized housing program in compliance with the U.S. Housing Act, 42 U.S.C. § 1437 et seq. federal regulations and their Administrative Plan. 24 C.F.R. § 982.54(c).  Before terminating Plaintiff's voucher for violation of family responsibilities, Defendants' were required to offer Plaintiff a hearing in front of an impartial hearing office, if requested by Plaintiff.  Plaintiff did timely request the hearing.  (Ex . 10, Plaintiff Request for Hearing).

Defendants terminated Plaintiff's voucher without a hearing, even though Plaintiff did request a hearing.  Defendants failure to provide an informal hearing to Plaintiff violated the U.S. Housing Act, applicable federal regulations and Defendants' HCV Administrative Plan in violation of 24 C.F.R. § 982.54(c) and 24 C.F.R. § 982.555(a)(2). Further, where the impact of the PHA's decision will be to force the family to move or give up its voucher, fairness dictates that the PHA should hear from the tenants who will be adversely affected by the decision.  *McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 254 (S.D.N.Y. 1989). See also *Orullian v. Hous. Auth. of Salt Lake City*, 2:10-CV-276 CW, 2011 WL 6935039 (D. Utah Dec. 30, 2011).

> 2. *Defendants violated Plaintiff's substantive due process rights when it arbitrarily and capriciously denied Plaintiff's unit for participation under the Housing Choice Voucher program.*

Ferndale Housing Commission's determination that the neighborhood fails the Housing Quality Standards and Plaintiff and family must, therefore, move goes well beyond the permissible scope of HUD's Housing Quality Standards. The relevant HQS: Site and Neighborhood – uses "serious adverse environmental conditions" as it criterion. See 24 C.F.R. § 982.401(1).  It is not plausible or defensible to conclude that one boarded

8

up building on an adjacent block meets this standard. It is irrelevant whether the Ferndale Housing Commission Administrative Plan supports its determination, because if it does, it is unenforceable because it conflicts with HUD regulations. See 24 C.F.R. § 982.54. FHC inspector found a boarded up building near Plaintiff's home, which FHC claims violates Housing Quality Standards. FHC's decision was arbitrary in light of all of the conditions in and surrounding the home. The unit was newly constructed in 2006. FHC has approved the home and the voucher each year since 2007. Plaintiff's home is in good condition, the rent is reasonable, the landlord makes repairs, and Plaintiff and her family get along well with their neighbors and feel safe in the neighborhood. (Ex. 4, Affidavit of Charmonique Hopkins and Ex. 5, Photo of Ms. Hopkins' Home.)

More importantly, when Plaintiff complained to the HUD office in Detroit regarding the Ferndale Housing Commission decision, the HUD office investigated and went to Plaintiff's neighborhood. After conferring with the HUD office in Washington, D.C., HUD issued notice to Ferndale Housing Commission that Ms. Hopkins home does meet HQS standards and Ferndale Housing Commission should rescind its decision. (Ex. 11, HUD Emails)

A Public Housing Authority such as Ferndale Housing Commission does not have discretion to adopt policies and make decisions which contradict HUD regulations. Ferndale Housing Commission did not even inspect Ms. Hopkins' home. She was home all day on the day Ferndale Housing said it would have an inspector there. (Ex. 4, Affidavit of Charmonique Hopkins). Instead, it appears Ferndale Housing had an inspector drive in the neighborhood on April 14, 2014, the day before the scheduled inspection, and issue an order that Plaintiff's home failed the inspection because of a

9

vacant home in the area on April 14, 2014, the day before the scheduled inspection which never took place. (Ex. 1, Notice of Failed Inspection).

On information and belief the Detroit office of the U.S. Department of Housing and Urban Development (HUD) investigated the neighborhood where Plaintiff resides and informed Defendant Ferndale Housing Commission that Plaintiff's home and her neighborhood did pass Housing Quality Standards so that Defendant should not have terminated Plaintiff's voucher for the home. (Ex. 11, HUD Emails)

Plaintiff and her children will be evicted unless this Court orders Defendants to reinstate Plaintiff's voucher, immediately restart payments to Plaintiff's landlord, on Plaintiff's behalf, order payment of back rent amounts owing, and order a stay of any eviction proceedings until this case is completed or until further order of this Court.

## SUMMARY AND REQUEST FOR RELIEF

Pursuant to Fed. R. Civ. P. 65(a), a preliminary injunction to reinstate Plaintiff's housing voucher will preserve the status quo until this court adjudicate the claims. Plaintiff has shown that she is likely to prevail on the merits in this matter. If the temporary restraining order is not issued and Plaintiff's voucher is not reinstated, then Plaintiff and her children will be evicted from their home and become homeless and face irreparable injury. There will not be harm to Defendant if the voucher is reinstated; Defendant will continue to pay its portion to Plaintiff's landlord as Defendant has done each month since 2007. Further there will be no harm to the public interest if the injunction is issued, but there will be great harm to the public interest if Ferndale Housing Commission can continue with its policies of forcing tenants to move from good, quality housing in the City of Detroit because the housing is in Detroit. There will be great harm

if tenants in Detroit who are in good housing with reasonable rents are forced to move because Ferndale Housing and its Executive Director do not want tenants who live in Detroit.

Plaintiff is serving a copy of this emergency motion on Defendants at the same time as filing with the Court.

**WHEREFORE**, Plaintiff requests that the Court order as follows:

1. Pursuant to Fed. R. Civ. P. 65(a), Plaintiff's Motion for Preliminary Injunction is granted;

2. Defendant is to reinstate Plaintiff's voucher and to make payment, including all back rent owing, on Plaintiff's behalf to Plaintiff's landlord, immediately, and continue making this monthly payment until further order of this Court;

3. Eviction Proceedings are stayed until further order of this Court.

4. Any other relief the Court finds equitable and just.

Dated:  November 14, 2014

/s/ Robert Day                       .
Robert Day (P44222)
Attorney for Plaintiff
613 Abbott
Detroit, MI 48226
313-967-5642

# INDEX OF AUTHORITIES

**Cases:**
*Burr v. New Rochelle Mun. Hous. Auth.*,
   479 F.2d 1165 (2d Cir. 1973) ...................................................................................... 7
*Campau v. McMath*,
   185 Mich. App. 724, 463 N.W.2d 186 (1990) ................................................................ 6
*City of Detroit v. Salaried Physicians Prof'l Ass'n, UAW*,
   165 Mich. App. 142, 418 N.W.2d 679 (1987) ................................................................ 6
*Goldberg v. Kelly*,
   397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970) .................................................. 6
*Hill v. Ypsilanti Hous. Comm'n.*,
   09-13562, 2010 WL 3168440 (E.D. Mich. Aug. 10, 2010) ........................................... 7
*McNeill v. New York City Hous. Auth.*,
   719 F. Supp. 233 (S.D.N.Y. 1989) ................................................................................. 8
*Miles v. Phenix City Hous. Auth.*,
   3:11-CV-216-WKW, 2011 WL 2580390 (M.D. Ala. June 29, 2011) ............................ 7
*Orullian v. Hous. Auth. of Salt Lake City*,
   2:10-CV-276 CW, 2011 WL 6935039 (D. Utah Dec. 30, 2011) .................................... 8
*State Employees Ass'n v. Dep't of Mental Health*,
   421 Mich. 152, 365 N.W.2d 93 (1984) .......................................................................... 6
*Stevenson v. Willis*,
   579 F. Supp. 2d 913 (N.D. Ohio 2008) .......................................................................... 7

**Statutes:**
42 U.S.C. § 1437 et seq .................................................................................................... 8

**Rules:**
Fed. R. Civ. P. 65(a) ................................................................................................. 10, 11

**Regulations:**
24 C.F.R. § 982.401(1) ..................................................................................................... 8
24 C.F.R. § 982.54 ............................................................................................................ 9
24 C.F.R. § 982.54(c) ........................................................................................................ 8
24 C.F.R. § 982.555(a)(2) ................................................................................................. 8